Aiai Qi
7793 Finnhorse Way
Sacramento, CA 95825
Tel.: (909) 344-9375
Email: emmacikq@gmail.com

In Pro Se

**FILED**

MAR 0 1 2023

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
            DEPUTY CLERK

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Aiai Qi | CASE NO.: 2:23-CV-0377-DAD-JDP (PS) |
| Plaintiff | **COMPLAINT FOR DECLARATION OF RELIEF IN THE NATURE OF MANDAMUS** |
| v. | |
| Alejandro Mayorkas, Secretary Department of Homeland Security | |
| Ur M. Jaddou, Director, USCIS | |
| Emilia Bardini, Director, San Francisco Asylum Office | |
| Defendants | |

1

## I. PLAINTIFF AND THE CASE

1. Plaintiff Ms. Aiai Qi (A#208 476 397) filed her asylum application with the Los Angeles asylum in October 2015. In January 2023 she moved to Sacramento and requested that the filed be transferred to the San Francisco Asylum Office.

<u>8 U.S. Code Section 1158</u> provides that "in the absence of exceptional circumstances, the initial interview or hearing on the asylum application shall commence not later than 45 days after the date an application is filed." Seven years have passed. The defendants still have not interviewed her.

The Plaintiff was forced to undergo an abortion procedure in China in 2005. Under the asylum law of the U.S. forced abortion is a permanent persecution, meaning that the persecution continues to this day. Plaintiff has been tortured by the forced abortion all these years and she wishes that the Defendants could adjudicate her case as soon so that she could put the trauma behind and starts a new life in the U.S. and started a new life her. Plaintiff has made repeated inquiries hoping an interview could be scheduled. However, the Defendants refused to schedule the interview. Plaintiff has no other remedies except petitioning for the intervention of this Court.

## II. DEFENDANTS

2. Alejandro Mayorkas is the Secretary of the Department of Homeland Security. He is in charge of the Department to which the USCIS is a part of. He is sued in his official capacity.

3. Ur M. Jaddou is the director of USCIS. She is in charge with any and all responsibilities and authority in the administration of the USCIS as having been delegated or prescribed by the Secretary of the Department of the Homeland Security. She is sued in her official capacity.

4. Emilia Bardini is the Director of the San Francisco Asylum Office of USCIS. She is responsible for the adjudication of asylum applications filed with said Office. She is sued in her official capacity.

## III. STATEMENT OF JURISDICTION

5. This court has subject matter jurisdiction of this action under 28 U.S.C. §1331 (Federal question jurisdiction) because Plaintiff's claim arises under the laws of the United States. This court may grant relief in this action under 28 U.S.C. §1361 (Mandamus Act); 28 U.S.C. §1651 (All Writs Act); and under 5 U.S.C. §701 et seq. (Administrative Procedure Act or APA). Although the officials of said Office are vested with discretion as to when to schedule an interview, they do not have the discretion to prolong the interview

indefinitely under 8 U.S. Code Section 1158.

## IV. STATEMENT OF VENUE

6. Venue is proper in this court under 28 U.S.C. § 1391(e) because this is a civil action in which Defendants are officials of the United States acting in their official capacities and the USCIS is an agency of the United States; and the Plaintiff is residing in the jurisdiction of this Court.

## V. INJURIES

7. Plaintiff incorporates paragraphs 1 through 6 as if set forth in full herein.

8. Plaintiff claims that because of the failure to act by the Defendants, she has been suffering from emotional, economic and other harms and injuries.

## VII. CAUSES OF ACTION

### Violation of the APA

9. Plaintiff incorporates paragraphs 1 through 8 as if set forth in full herein.

10. By failing and refusing to process the Plaintiff's case timely as specified by the regulation, Defendants have unlawfully withheld and/or unreasonably delayed performing a statutory duty owed to the Plaintiff. As such Plaintiff is suffering and will continue to suffer emotional, economic and other harms and injuries as a direct result of Defendants' unreasonable delay. Defendants' delay in scheduling an interview is a violation of the APA and cognizable

under 5 U.S.C., §§ 551(13) and 706(1).

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to:

1) Declare that Defendants' delay in scheduling an interview violates Plaintiff's rights to due process;

2) Declare that Defendants' delay in scheduling an interview is unreasonable;

3) Order Defendants to schedule an interview for the Plaintiff within 30 days from the date of this Order;

4) Order Defendants to file a report to the Court detailing the specific measures they are taking to accomplish the orders within 30 days from the date of the Court's order;

5) Grant such other relief as the Court deems just, equitable and proper.

RESPECTFULLY SUBMITTED this 28th of February, 2023.

Aiai Qi
In Pro Se