1 | PHILLIP A. TALBERT
United States Attorney
2 | ELLIOT C. WONG
Assistant United States Attorney
3 | 501 I Street, Suite 10-100
Sacramento, CA 95814
4 | Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| AIAI QI, | CASE NO. 2:23-CV-0377-DAD-JDP (PS) |
|---|---|
| Plaintiff, | **DEFENDANTS' MOTION FOR DISMISSAL POINTS AND AUTHORITIES** |
| v. | Date: June 15, 2023 |
| ALEJANDRO MAYORKAS, ET AL., | Time: 10:00 a.m. |
| Defendants. | Courtroom: 9 |

**NOTICE OF MOTION**

TO THE COURT AND THE PARTIES:

PLEASE TAKE NOTICE that on June 15, 2023, at 10:00 a.m., or as soon thereafter as this matter may be heard in the Courtroom of The Honorable Jeremy D. Peterson, United States Magistrate Judge, the Defendants, through their undersigned counsel of record, will bring to hearing the motion for dismissal set out below.

**MOTION FOR DISMISSAL**

The Defendants in this action move under Fed. R. Civ. P. 12(b)(1) to dismiss all claims in the complaint. This is because Plaintiff's claims are now moot. This motion is based on the complaint and other filings in this action; the accompanying points and authorities; the accompanying declaration; and any written and oral arguments that may be made hereinafter.

**POINTS AND AUTHORITIES**

In this mandamus case, Plaintiff seeks to have U.S. Citizenship and Immigration Services ("USCIS") schedule an interview on her pending asylum application. (ECF 1, 5.) On March 10, 2023, USCIS issued the requested interview notice and scheduled her case for an interview. *See* Exhibit 1: Declaration of Elliot Wong (Wong Decl.). USCIS's voluntary action has now rendered this lawsuit moot.[1]

"Because . . . mootness . . . pertain[s] to a federal court's subject-matter jurisdiction under Article III, [it is] properly raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) . . . ." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). "'A claim is moot if it has lost its character as a present, live controversy.'" *Rosemere v. Neighborhood Ass'n v. U.S. Environmental Protection Agency*, 581 F. 3d 1169, 1172 (9th Cir. 2009) (quoting *Am. Rivers v. Nat'l Marine Fisheries Serv.*, 126 F.3d 1118, 1123 (9th Cir. 1997)). With a 12(b)(1) dismissal motion on mootness grounds, "a court may look beyond the complaint to matters of public record without having to convert the motion into one for summary judgment." *White*, 227 F.3d at 1242. "It also need not presume the truthfulness of the

---

[1] The undersigned provided a copy of the interview notice to Plaintiff via e-mail on March 10, 2023 and requested that Plaintiff agree to dismissal. As of the time of this filing, Plaintiff has not responded.

MOTION FOR DISMISSAL

1

plaintiffs' allegations." *Id.  See also St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989)) ("[A] Rule 12(b)(1) motion can attack the sufficiency of the complaint's jurisdictional allegations despite their formal sufficiency, and in doing so rely on affidavits or other evidence properly before the court.").

"In general, when an administrative agency has performed the action sought by a plaintiff in litigation, a federal court 'lacks the ability to grant effective relief,' and the claim is moot." *Rosemere Neighborhood Ass'n v. U.S. Environmental Protection Agency*, 581 F.3d 1169, 1173 (9th Cir. 2009) (quoting *Pub. Util. Comm'n v. FERC*, 100 F.3d 1451, 1458 (9th Cir. 1996)).  This form of mootness commonly applies where a plaintiff seeks to compel USCIS, via the Administrative Procedures Act or the Mandamus Act, to take action on an application for immigration benefits and USCIS then voluntary completes the requested action.  *See Manvi v. U.S. Citizenship and Immigration Service*, No. 21-cv-00542-JSC, 2021 WL 2554094, at *1 (N.D. Cal. June 22, 2021) ("At bottom, there can be no 'relief' to grant where a Plaintiff's applications have been approved."); *see also Danek v. Gonzales*, No. 05 3283 PHX ROS, 2006 WL 898161, at *1 (D. Ariz. Apr. 5, 2006) ("The granting of Plaintiffs Application for Naturalization is a sufficient change in the circumstances to render this case moot.  Plaintiff's request regarding his Application has already been granted, leaving no possibility that this Court can grant meaningful relief.").  USCIS issued the requested interview notice to Plaintiff.  Accordingly, Plaintiff has received the relief she sought in her complaint—i.e., scheduling of an interview on her pending asylum application—such that her claims are now moot, and the Court should dismiss Plaintiff's complaint.

## CONCLUSION

USCIS's voluntary actions have rendered this litigation moot and the Court should, accordingly, grant Defendants' motion to dismiss.

Dated: April 5, 2023

PHILLIP A. TALBERT
United States Attorney

*/s/ ELLIOT C. WONG*
ELLIOT C. WONG
Assistant United States Attorney

MOTION FOR DISMISSAL

2