1    PHILLIP A. TALBERT
     United States Attorney
2    ELLIOT C. WONG
     Assistant United States Attorney
3    501 I Street, Suite 10-100
     Sacramento, CA 95814
4    Telephone: (916) 554-2700
     Facsimile: (916) 554-2900
5

6    Attorneys for Defendants

7

8                    IN THE UNITED STATES DISTRICT COURT

9                      EASTERN DISTRICT OF CALIFORNIA

10

11   AIAI QI,                              CASE NO. 2:23-CV-0377-DAD-JDP (PS)

12         Plaintiff,                      **DEFENDANTS' RESPONSE**

13              v.                         Date: July 13, 2023
                                           Time: 10:00 a.m.
14   ALEJANDRO MAYORKAS, ET AL.,           Courtroom: 9

15         Defendants.

16

17

18

19

20

21

22

23

24

25

26

27

28

**I.  Plaintiff failed to comply with the Court's Order to Show Cause.  This failure should be construed as a non-opposition to Defendants' motion to dismiss and the Court should dismiss this case.**

The Court has afforded Plaintiff several opportunities to respond to Defendants' motion to dismiss (ECF 5) over the course of about three months.  Because she still has not responded, the Court should construe her failure to do so a non-opposition and grant Defendants' motion.

Defendants filed a motion to dismiss on April 5, 2023.  (ECF 5.)  In the motion, Defendants argued that Plaintiff has now received the relief she requested in her complaint and that, as a result, her claims are moot.  (ECF 5.)  Plaintiff failed to timely respond.  The Court issued an order to show cause and directed Plaintiff to respond to Defendants' motion by May 11, 2023.  (ECF 7.)  In response to that order, Plaintiff filed a one-page motion that asks the court to "excuse the delay and accept the late filed Opposition."  (ECF 8.)  She did not file any substantive opposition to Defendants' motion, however.  (*Id.*)  The Court construed Plaintiff's filing "as one seeking an extension of time to file an opposition to defendants' motion," and directed Plaintiff to file a response by June 30, 2023.  (ECF 9.)  She failed to comply and, as of the date of this filing, as still not filed any opposition.

Plaintiff has had ample opportunities to respond to Defendants' motion.  She has not done so, however, and this Court should construe her failure to comply with the Court's orders as a non-opposition.  *See* E.D. Cal. Local Rule 230(c) ("A failure to file a timely opposition may . . . be construed by the Court as a non-opposition to the motion."); *see also Lombana v. Green Tree Servicing, LLC*, no. CV 14-8330-JCG, 2015 WL 3999366, at *5 (C.D. Cal. June 29, 2015) ("As a rule, a plaintiff's failure to address a defendant's arguments for dismissal constitutes abandonment of [those] claim[s].") (internal quotation omitted).  The Court should therefore grant Defendants' motion.

**II.  Plaintiff has received the relief she requested.  USCIS conducted Plaintiff's asylum interview.**

Plaintiff's complaint is moot and should be dismissed.  U.S. Citizenship and Immigration Services ("USCIS") scheduled an interview on Plaintiff's pending asylum application for June 20, 2023, and provided her with notice of this interview.  (ECF 5-1.)  USCIS has now conducted Plaintiff's interview, as scheduled.  *See* Exhibit 1: Declaration of Elliot Wong (Wong Decl.).  This is the relief Plaintiff sought in her complaint, and she has now received it.

MOTION FOR DISMISSAL

1    As the complaint makes clear, the requested relief is to compel USCIS to schedule an interview

2 on her pending asylum application.  In her complaint, she alleges that "Plaintiff has made repeated

3 inquiries hoping an interview could be scheduled.  However, the Defendants refused to schedule the

4 interview.  Plaintiff has no other remedies except petitioning for the intervention of this Court."  (ECF 1,

5 2.)  In the statement of jurisdiction, Plaintiff next writes:  "Although the [Defendants] are vested with

6 discretion as to when to schedule an interview, they do not have the discretion to prolong the interview

7 indefinitely . . . ."  (ECF 1, 3-4.)  Plaintiff's only cause of action states that "Defendants' delay in

8 scheduling an interview is a violation of the APA . . . ."  (ECF 1, 4.)  And in her prayer for relief,

9 Plaintiff's asks the Court to:

10          (1)    "Declare that Defendants' delay in scheduling an interview violates Plaintiff's rights to

11                 due process";

12          (2)    "Declare that Defendants' delay in scheduling an interview is unreasonable";

13          (3)    "Order Defendants to schedule an interview for the Plaintiff within 30 days from the date

14                 of this order";

15          (4)    "Order Defendants to file a report to the Court detailing the specific measures they are

16                 taking to accomplish the orders within 30 days from the date of the Court's order"; and

17          (5)    "Grant such other relief as the Court deems just, equitable and proper."

18 (ECF 1, 5.)  In sum, the complaint seeks to compel USCIS to schedule an interview.  Through USCIS's

19 voluntary action, Plaintiff has now received this relief—USCIS scheduled her interview and has now

20 completed it.  Her complaint is therefore moot.  *Accord Singh v. Jaddou*, 1:23-cv-00222-SKO, 2023 WL

21 2976297, *2-3 (E.D. Cal. Apr. 17, 2023) (Where USCIS has voluntary issued a biometrics appointment

22 notice to Plaintiff, "there no longer exists a live case or controversy with respect to Plaintiff's action to

23 compel the USCIS to issue a biometrics appointment notice, which is the only relief sought by

24 [Plaintiff's] . . . . claims.  The Court concludes this action is moot and subject to dismissal for lack of

25 jurisdiction.").  Because there is no longer a live case or controversy, the Court should grant

26 Defendants' motion to dismiss.

27

28

Dated: July 5, 2023

PHILLIP A. TALBERT
United States Attorney

/s/ ELLIOT C. WONG
ELLIOT C. WONG
Assistant United States Attorney

MOTION FOR DISMISSAL